**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 00-60787
Summary Calendar
Lower Court No. A-29-437-324

_____

**BENSON PLAUGH,**

**Petitioner,**

**versus**

**JOHN ASHCROFT, ATTORNEY GENERAL**

**Respondent.**

_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

April 15, 2002

Before JONES, SMITH and EMILIO M. GARZA, Circuit Judges.

EDITH H. JONES:[*]

Petitioner Benson Plaugh, a native of St. Vincent who has
resided in this country for about 20 years, filed this petition for
review to challenge the order of deportation rendered against him
and sustained by the Board of Immigration Appeals.  He challenges
the Board's rejection of his application for a waiver of a joint

---

[*]      Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

petition to remove conditions on him as an alien spouse. Finding no reversible error of fact of law, we affirm the Board's decision.

Plaugh overstayed his visitor visa for nearly seven years until he married a United States citizen in 1989 and had his status adjusted to that of conditional permanent resident. On April 30, 1991, he filed an I-751 joint petition under § 216(c)(1) of the Immigration and Naturalization Act, 8 U.S.C. § 1186(c)(1), to remove his conditional classification. Plaugh signed his own and his wife's names to the I-751 joint petition. Before that petition could be ruled on, Plaugh and his wife divorced, and Plaugh immediately filed an I-752 waiver application seeking a waiver pursuant to § 216(c)(4)(B) of the Act based on a good faith marriage.

At his deportation hearing, the immigration judge found Plaugh deportable as charged, upheld the denial of the I-752 waiver ane denied suspension of deportation. (Plaugh does not challenge the denial of suspension of deportation.)

On appeal, the Board upheld the immigration judge's conclusion that Plaugh was "at fault" in failing properly to file the waiver application. Plaugh challenges this decision on the grounds that the immigration service should not have been allowed to admit an affidavit of his ex-wife "who is now a hostile witness," and who resisted subpoenas to attend his hearing, and because it did not matter that he signed his wife's name to the I-751 petition. The latter issue is the key to this appeal.

2

Section 216(c) states the criteria under which an alien spouse can have conditions of residency removed, the first one of which is that the spouse and the petitioning spouse jointly must submit a petition to the Attorney General. The purpose of this provision is to thwart the use of fraudulent marriages to obtain citizenship status. The statute also permits removal of conditional status, however, if the qualified marriage was entered into in good faith, but the marriage has been terminated (other than through the death of the spouse) and the alien was not at fault in failing to meet the requirements of § 216(c)(1). INA § 216(c)(4)(B), 8 U.S.C. § 1186(c)(4)(B). Pursuant to this alternative provision, Plaugh filed an I-752 waiver application, a precondition of which is that is a properly filed I-751 joint petition. In his immigration hearing, Plaugh admitted that he signed his then-wife's name to the I-751 joint petition. Contrary to Plaugh's assertion, the regulation clearly required his wife's signature:

> Before form I-751 may be considered as properly filed, . . . it must be properly signed by the alien and the alien's spouse.

8 CFR § 216.4(a)(1). Plaugh was plainly "at fault" for not properly filing the I-751 joint petition, as the immigration judge found and the Board affirmed. Because he was at fault, he was ineligible for consideration of the I-751 waiver.

Plaugh's failure to demonstrate that he filed a proper petition seeking waiver of conditional status should be enough to

3

deny him relief. The Board arguably went further, however, and affirmed the immigration judge's decision to admit the ex-wife's sworn written statement to an immigration examiner, in which she denied either signing or authorizing her signature on the I-751. Whether this evidence is strictly necessary to the finding that Plaugh did not file a proper waiver application is unclear. In any event, under the circumstances of this case, the Board did not violate Plaugh's due process right in admitting his wife's sworn statement.

This court has held that affidavits from persons who are not available for cross-examination will not satisfy the constitutional test of fundamental fairness unless the INS first establishes that despite reasonable efforts it was unable to execute the presence of the witness at the hearing. Olabanji v. INS, 973 F.2d 1232 (5th Cir. 1992), citing Hernandez-Garza v. INS, 882 F.2d 945, 948(5th Cir. 1989). Moreover, in Olabanji, this court sided with approval a case holding that INS service of subpoenas on an ex-wife demonstrated a sufficient to support admissibility of her affidavit. 973 F.2d at 1236, n.3. The Board demonstrated that both sides to this proceeding issued subpoenas and made contact with Plaugh's ex-wife in an attempt to get her to testify. Instead, she was "stonewalling." The ex-wife's unavailability was demonstrated in accord with Olabanji. Moreover, the examiner who took her statement was available for cross-examination and Plaugh's counsel received advance notice of the

4

statement.  These circumstances, together with the fact that her statement corroborated the <u>undisputed</u> evidence that she did not sign the form I-751, demonstrate that admission of her statement was not erroneous.

For these reasons, the petition for relief is **DENIED** and the judgment of the Board is **AFFIRMED**.

5